## Appeals of ALBINA CAVINATO, and STEPHEN CAVINATO and ALBINA CAVINATO.

Docket Nos. 5235, 5236. Submitted February 20, 1926. Decided April 19, 1926.

*Clarence E. Sutherland, Esq.*, for the taxpayers.
*Briggs G. Simpich, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

These appeals are from determinations of deficiencies in the amount of $119.21 for the calendar year 1920 against Albina Cavinato, and in the amount of $182.39 for the calendar year 1921 against Stephen Cavinato and Albina Cavinato, arising from the action of the Commissioner in computing the deduction for exhaustion, wear and tear of a building at the rate of 2½ per cent per annum, based upon the physical life of the building, instead of over a period of 21 years, as contended for by the taxpayers.

Both appeals involve the same question. Stephen Cavinato is a party to the appeal in Docket No. 5236 by reason of the fact that he and his wife, Albina Cavinato, filed a joint return for the calendar year 1921.

### FINDINGS OF FACT.

The taxpayers are residents of Fort Lee, N. J. On November 1, 1901, the trustees of The Sailors' Snug Harbor in the City of New York, a corporation, leased to one Louis Moila certain land located in New York City, at a certain annual rental, plus taxes, for a term of 21 years. The lease provided that, upon the expiration of the term of 21 years, it should be renewed, or, upon failure of the parties to agree upon a renewal, the lessor of the land should purchase the building erected thereon by the lessees as follows:

WHEREAS, the party of the first part having brought an action against the party of the second part and others to recover possession of the said premises, has discontinued the said action at the request of the said party of the second part upon the express proviso and condition that the said party of the second part should surrender the aforesaid Indenture of Lease, and should accept this present lease containing a condition and proviso that the building now erected upon the said premises be removed and a new seven-story building erected thereon by, and at the exclusive expense of, the party of the second part according to certain plans heretofore filed with the party of the first part, numbered from 1 to 5, inclusive, and authenticated by the signature of the party of the second part, to be equipped and fully completed on or before the first day of November, 1902;

The said The Trustees of The Sailors' Snug Harbor in the City of New York, the party hereto of the first part, in consideration of the rents and covenants hereinafter reserved and contained, hath granted, demised and to farm let and by these presents doth grant, demise and to farm let unto the said party of the second part, ALL that certain Lot of Land, situate, lying and being in the Fifteenth Ward of the City of New York; being part of the lands of the said party of the first part, and distinguished on a map of its property in the said Ward, made by Edwin Smith, City Surveyor, dated April 13th, 1848, and filed in the office of the Register of the City and County of New York, by the Number 138.

   *      *      *      *      *      *      *

AND it is hereby mutually covenanted and agreed, that at the expiration of the term hereby granted, if the said parties hereto shall agree upon a renewal of this lease, for a further term of twenty-one years, and shall by mutual consent fix upon the annual ground rent to be reserved in such renewed lease, then the said party of the first part, its successors or assigns, shall and will execute to the said party of the second part, his executors, administrators or assigns, at his or their expense, a new lease of the aforesaid premises for the term of twenty-one years, from and after the expiration of the term hereby granted, at the annual ground rent payable half-yearly, agreed upon between the said parties as aforesaid. But if at the expiration of the term hereby granted the said parties shall not agree upon a renewal of this lease, or upon the amount of the rent to be reserved for such renewed term, then each party shall choose a disinterested person, and the said persons so chosen shall under oath appraise the land hereby demised, considering it as a vacant lot, at its full and fair worth at private sale; and they shall also under oath appraise the building to be erected on the said lot according to the plans and conditions

hereinbefore recited, or any other building of like description as its substitute—which shall have been erected upon the said land according to plans approved by the party of the first part, its successors or assigns—at its then actual worth, without reference to the ground on which it stands; and in case the said appraisers shall differ in their valuation or appraisement either of the lot or building, they shall then choose an umpire, qualified as aforesaid, whose decision under oath, shall be final and conclusive.

AND the said party of the first part, its successors or assigns, shall have the full liberty and choice either to pay to the said party of the second part, his executors, administrators or assigns, the value of the said building so determined as aforesaid, or to grant a renewal of this lease unto the said party of the second part, his executors, administrators or assigns, at his or their expense, for the term of twenty-one years, from and after the expiration of the term hereby granted, at an annual ground rent of five per cent. on the valuation of the said lot so determined as aforesaid.

AND it is further mutually covenanted and agreed, that at the expiration of each and every term, which may be thereafter granted by each and every subsequent renewal of this lease, the said party of the first part, its successors or assigns, shall still have and retain the full liberty and choice, either to grant a further renewal, for the further term of twenty-one years, at such annual rent, payable half-yearly, as shall be ascertained and determined in the manner aforesaid, or to pay unto the said party of the second part, his executors, administrators or assigns, the value of the said building or its substitute, to be ascertained as aforesaid. AND it is further mutually covenanted and agreed, by and between the parties aforesaid, that whenever the said party of the first part, its successors or assigns, shall refuse to grant a renewal of this lease as aforesaid, the said building or its substitute shall be valued and paid for as aforesaid. *Provided, always,* that the said party of the second part, his executors, administrators or assigns, shall not be compelled to surrender the premises until such payment be made or tendered. AND it is further mutually covenanted and agreed, by and between the parties aforesaid, that in case the said party of the first part, its successors or assigns, shall at the expiration of the term granted by this lease, or at the expiration of any term which may be granted thereafter, by any subsequent renewal thereof, elect and choose to pay unto the said party of the second part, his executors, administrators or assigns, the value of the said building or its substitute, to be ascertained as aforesaid, and shall actually make such payment or tender the same, the said party of the second part, his executors, administrators or assigns, shall then deliver up the said building or its substitute, in the same order and condition in which it was at the time of its valuation as aforesaid, and also all and singular other the premises hereby demised, to the said party of the first part, its successors or assigns, without fraud or delay. AND LASTLY, it is mutually covenanted and agreed by and between the parties as aforesaid, that each renewed lease shall contain the like covenants, provisos and conditions, as herein contained.

At some time prior to May 3, 1918, Albina Cavinato acquired the aforementioned lease and the building located upon the land covered by the lease. On that date the trustees of The Sailors' Snug Harbor in the City of New York leased to Albina Cavinato the said land for a period of 21 years from May 1, 1918, at an annual rental of $900. This lease contained the same provisions relative to its renewal at the

end of 21 years, or the purchase by the lessor of the building located upon the land, as the original lease herein quoted.

In their returns for each of the years the taxpayers deducted $3,000, as exhaustion, wear and tear of the building, computed upon a life for the building of 21 years..

The Commissioner allowed a deduction of $1,575, at the rate of 2½ per cent, based upon the physical life of the building.

*On the authority of the Appeal of Eimer & Amend, 2 B. T. A. 603, and the Appeal of G. S. Stewart Co., 2 B. T. A. 1016, the deficiencies are $119.21 as to Albina Cavinato for the year 1920, and $182.39 as to Stephen Cavinato and Albina Cavinato for the calendar year 1921. Order will be entered accordingly.*